1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODGER W.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C21-5198-BAT

**ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S DECISION**

13
14
15
16
17

       Plaintiff seeks review of the denial of his application for Supplemental Security Income. He contends the ALJ erred in assessing certain medical opinions, and in finding his mental impairments are not severe at step two.  Dkt. 13 at 1.  For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

18

## BACKGROUND

19
20
21
22
23

       Plaintiff is currently 45 years old, has a GED, and has no past relevant work.  Tr. 34, 402. In September 2015, he applied for benefits, alleging disability as of November 11, 1996.  Tr. 371-79.  His application was denied initially and on reconsideration.  Tr. 242-50, 254-60.  The ALJ conducted a hearing in June 2018 (Tr. 98-122), and subsequently issued a decision finding

Plaintiff not disabled.  Tr. 208-31.  The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for further proceedings.  Tr. 232-37.

On remand, the ALJ conducted a hearing in July 2020 (Tr. 123-54), and subsequently issued another decision finding Plaintiff not disabled since the application date.  Tr. 15-35.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

**DISCUSSION**

**A.    Medical Opinion Evidence**[1]

The record contains several DSHS form psychological opinions completed by David Morgan, Ph.D., before and during the adjudicated period.  *See* Tr. 564-68, 570-74, 576-80, 601-05, 612-16, 786-90.  Dr. Morgan described several disabling limitations in these opinions, which he expected to last 6-12 months.  *Id.*

The ALJ summarized all of Dr. Morgan's opinions and gave them little weight on the grounds they were inconsistent with (1) the largely normal mental status examination ("MSE") findings recorded by Dr. Morgan, (2) the normal findings of other examining and treating providers, and (3) the opinions of the State agency consultants.  Tr. 29-31.  The ALJ also noted (Tr. 30) that in four of the five opinions, Dr. Morgan indicated he expected Plaintiff's limitations to persist for less than 12 months, which would not satisfy the durational requirement.  *See* 42 U.S.C. § 1132c(a)(3)(A) ("an individual shall be considered to be disabled for purposes of this title if he is unable to engage in any substantial gainful activity by reason of any medically

---

[1] As Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

1  determinable physical or mental impairment which can be expected to result in death or which

2  has lasted or can be expected to last for a continuous period of not less than twelve months").

3    Plaintiff argues the ALJ erred in finding Dr. Morgan's opinions to be inconsistent with

4  the largely normal MSEs recorded by Dr. Morgan because Dr. Morgan did document Plaintiff

5  presented with an anxious mood, and none of the other MSE categories directly pertain to

6  anxiety-related deficits.  Dkt. 13 at 7.  This is one reasonable interpretation of Dr. Morgan's

7  opinions, but Plaintiff has not shown that the ALJ's assessment of Dr. Morgan's opinions is

8  unreasonable.  The ALJ contrasted Dr. Morgan's normal cognitive and social findings with his

9  conclusions as to Plaintiff's limitations, and reasonably found them to be inconsistent.  Tr. 30-31.

10  For example, Dr. Morgan found Plaintiff had normal thought process, judgment, and insight, and

11  yet concluded that he was markedly or severely limited in his ability to make simple workplace

12  decisions and/or adapt to changes in a routine workplace.  *Compare* Tr. 566, 572, 578, 603, 614,

13  788 *with* Tr. 568, 574, 579-80, 605, 616, 790.  The findings are reasonably inconsistent with Dr.

14  Morgan's conclusions, and thus the ALJ did not err in discounting Dr. Morgan's opinions on this

15  basis.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's

16  opinion due to discrepancy or contradiction between opinion and the physician's own notes or

17  observations is "a permissible determination within the ALJ's province").

18    Plaintiff also challenges the ALJ's finding of inconsistency between Dr. Morgan's

19  conclusions and other evidence in the record, namely normal MSE findings and Plaintiff's

20  reports of improvement with anti-anxiety medication.  *See* Tr. 30.  Again, the ALJ reasonably

21  found the evidence of Plaintiff's normal cognitive and social functioning, as well as Plaintiff's

22  reports of his depression/anxiety symptoms being managed with medication, to be inconsistent

23  with the disabling persistence, social, and adaptation limitations Dr. Morgan described.  *See* Tr.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION - 3

585, 593-94, 678, 719.  Although Plaintiff contends Dr. Morgan did not indicate any disabling cognitive limitations that would be inconsistent with normal cognitive findings (Dkt. 13 at 9), Dr. Morgan did find Plaintiff would be markedly limited in his ability to learn new tasks and severely limited in his ability to perform routine tasks without special supervision, for example. *See* Tr. 788.  These limitations pertain to cognitive functioning, and thus the ALJ reasonably found the evidence of Plaintiff's normal cognitive functioning was inconsistent with these limitations and did not err in discounting the opinions on this basis.

To the extent that Plaintiff also contends that "manageable" symptoms could still be disabling (Dkt. 13 at 9-10), that could be one reasonable reading of the evidence; however, the Court cannot say the ALJ's interpretation is unreasonable.  Plaintiff's report to his treating provider that his depression and anxiety symptoms were "overall manageable on his current [medication] regimen, with infrequent flares" contradicts his report to Dr. Morgan that he did not experience any relief from medication.  Tr. 601, 786.  Dr. Morgan's opinions (*e.g.*, Tr. 604, 789) were predicated on Plaintiff's need for treatment (counseling and medication), and the ALJ reasonably found Plaintiff's reports of improvement with treatment thus undermined Dr. Morgan's opinions.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may consider improvement with treatment in discounting physician's opinion).

Plaintiff also argues the ALJ erred in discounting Dr. Morgan's opinions based on contrary State agency opinions because those opinions do not constitute a basis in themselves to discount an opinion, but instead simply establish that the ALJ must provide specific, legitimate reasons to discount Dr. Morgan's opinions.  *See* Dkt. 13 at 10.  The Court agrees that this line of the ALJ's reasoning would not alone support the ALJ's assessment of Dr. Morgan's opinions,

but the ALJ did not err in noting that Dr. Morgan's opinions were contradicted by other evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996).

Because the ALJ reasonably found Dr. Morgan's opinions to be inconsistent with normal MSE findings as well as Plaintiff's report of improvement with medication, and did not err in discounting the opinions on these bases, the Court need not address the ALJ's finding regarding the durational limits in Dr. Morgan's opinions. Any error in that line of reasoning is harmless in light of the ALJ's other valid reasons, and therefore the Court affirms the ALJ's assessment of Dr. Morgan's opinions.

**B.    Step Two**

The ALJ found Plaintiff had medically determinable mental health conditions, but these conditions were not severe. Tr. 19-21. Plaintiff argues the ALJ erred in so finding, and the ALJ's exclusion of mental health conditions at step two led him to exclude any consideration of Plaintiff's allegation of disabling mental limitations in crafting the RFC assessment. Tr. 13 at 10-15.

At step two, a claimant must make a threshold showing that his or her medically determinable impairments significantly limit his or her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show that his or her medically determinable impairments are severe. 20 C.F.R. § 416.921.

The ALJ at step-two found Plaintiff's medically determinable mental impairments were not severe but erred in failing to consider Plaintiff's testimony in making this finding. Further in assessing Plaintiff's RFC, the ALJ was required to consider Plaintiff's allegations of limitations stemming from severe and non-severe medically determinable impairments. *See* 20 C.F.R. §

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION - 5

416.945(e); *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).  The ALJ did not do so here.  *See* Tr. 22-26.  Instead, the ALJ discussed only Plaintiff's physical allegations, and did not address Plaintiff's mental allegations.  *Id*.  Because the ALJ did not consider Plaintiff's allegations pertaining to all of his medically determinable impairments, the ALJ's step two determination and RFC assessment is erroneous. The errors are harmful because the RFC determination failed to assess or include all possible limitations. These limitations must therefore be addressed in further proceedings on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reconsider at step two Plaintiff's mental health conditions. The ALJ shall further address Plaintiff's allegations of mental limitations and either credit them or provide legally sufficient reasons to discount them. The ALJ shall develop the record and redetermine residual functional capacity as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 8th day of December, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION - 6